## 7425. MARSHALL *v.* THE STATE.

The evidence was sufficient to authorize the jury to find that there was an unlawful sale of intoxicating liquor; and there was no error that requires a reversal of the judgment overruling the motion for a new trial.

DECIDED JUNE 23, 1916.

Indictment for sale of liquor; from Bartow superior court— Judge Fite. April 3, 1916.

A witness for the State testified: "Last Saturday I was in the depot and watched Lou Bigger Marshall (the defendant) go in the toilet and handle some whisky. He dealt out some whisky in the toilet, and later on I went in there. He got it out of his pocket when he dealt it out, and had it in half-pint bottles, and I saw him hand it to other people. I can't say that there was any money passed. . The whisky was in a box in the scuttle-hole in the floor, and later on we did not find any whisky. . . I saw him upon the scuttle-hole, or attempted to, and somebody hit the

door and he got up and started to button up his pants—pretended to. . . We examined the hole afterwards. We found a lot of empty bottles. He would not let anybody come in and find him with his hand down in the hole, unless he knew who it was; he made a pass two or three times, and when somebody was coming in he did not know, he would not go onto it. . . I was right overhead. I knew they were selling it there. . . I did not see him receive any money for any whisky at all. . . There was so much whisky handled in there by different ones I could not say what he handled or how much passed, but I· know he was one of them. . . I saw a right smart money passed, several sales. He turned whisky over to different ones." An express agent testified: "I delivered to defendant about two gallons of whisky a week 'for several weeks previous to this time." In the defendant's statement at the trial he said: "A lot of those names on the express books ordered in my name belongs to some one else; they always got me to order liquor for them in my name. . . I would order them packages for most anybody; there wasn't none of them mine, and there wasn't ordered for myself but a half-gallon." He denied that he was present at the time and place referred to in the testimony for the State.

The motion for a new trial was on the grounds that the verdict was contrary to law and the evidence, and that the court erred in charging as follows: "If you find, from the evidence, that this defendant delivered whisky in the way and manner the State contends, then the law would presume a sale, unless the evidence rebuts such presumption; it would not be necessary that any money pass at the time; whether sold on time or sold for cash would be immaterial; and the law would presume a sale, if there was a delivery, unless the contrary appears by proof."

*Finley & Henson,* for plaintiff in error, cited: *Bonner* v. *State,* 2 *Ga. App.* 712; *Hall* v. *State,* 8 *Ga. App.* 532; *Flood* v. *State,* 12 *Ga. App.* 705; Penal Code (1910), § 1016.

*J. M. Lang, solicitor-general,* contra, cited as to sale: Civil Code (1910), § 5513; 23 Cyc. 180; 17 Am. & Eng. Enc. L. 299.

HODGES, J. The accused was charged with selling and bartering, for a valuable consideration, alcoholic, spirituous, malt, and intoxicating liquors. The evidence showed delivery of such liquors from his pocket in half-pint bottles, though it did not show actual payment of money, and it was testified that he had been receiving

about two gallons of whisky a week for several weeks before that time. His defense was that he ordered these liquors as agent for the persons to whom he delivered them. The court charged the jury that if there was a delivery, the law would presume a sale, unless the contrary appeared by proof. The evidence certainly authorized an inference that the accused was not giving away as a gift alcoholic spirits and intoxicating liquors in this "dry" day and generation, and the jury were authorized to disregard his statement that he had ordered liquors for his friends as an agent. If the charge is not exactly adjusted to the facts in the case, the error, if any there be, does not require a reversal of the judgment overruling the motion for a new trial.    *Judgment affirmed.*